# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              **Case No. 05-CR-40**

**ARMANDO CERVANTES**
   **Defendant.**

## SENTENCING MEMORANDUM

Defendant Armando Cervantes pleaded guilty to operating an unlicensed money transmitting business, 18 U.S.C. § 1960, and fraudulent use of a social security number, 42 U.S.C. § 408(a)(7)(B). The probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing, which set defendant's offense level at 21 and his criminal history category at I, producing an imprisonment range of 37-46 months under the advisory sentencing guidelines. The government moved for a sentence reduction under U.S.S.G. § 5K1.1 to reward defendant for his substantial assistance in the prosecution of others, and defendant requested a non-guideline sentence under 18 U.S.C. § 3553(a). In this memorandum, I provide written reasons for the sentence imposed.

### I. SENTENCING PROCEDURE

In imposing sentence, I follow a three-step procedure. First, I determine the advisory sentencing guideline range, resolving any factual disputes necessary to that determination. Second, I decide whether to grant any departures pursuant to the Sentencing Commission's policy statements. Finally, I select a sentence that is sufficient but not greater than necessary given all of the factors set forth in 18 U.S.C. § 3553(a). E.g., United States v. Cull, 446 F.

Supp. 2d 961, 962 (E.D. Wis. 2006).

## II.  DISCUSSION

The parties agreed with the guideline application in the PSR, which I adopted. I therefore proceeded to consider the government's substantial assistance motion.

**A.   Government's § 5K1.1 Motion**

In ruling on a substantial assistance motion, I consider:

(1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

I give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within my discretion. In attempting to quantify the departure, I typically use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. United States v. Matthews, 463 F. Supp. 2d 916, 918 (E.D. Wis. 2006).

In the present case, I awarded a full 2 level reduction under the first factor, as defendant provided significant and useful assistance in several federal and state investigations. He purchased false identification documents from two individuals, leading to the execution of a

2

search warrant, during which agents found many more false documents. The defendants in that matter were charge federally and sentenced to 15 months in prison. Defendant provided information in another federal case and assisted in attempting to locate a subject. An indictment was recently unsealed in that matter. Defendant also made recorded phone calls in assisting state authorities identify houses of prostitution. That help resulted in four buy/bust operations and seven arrests. He also provided information and pro-active assistance in two cases pending before me. In the first, he provided information and made contact with one of the defendants while wearing a recording device. A related prosecution was commenced in Utah based in part on information defendant provided. Defendant not only provided information but also made monitored phone calls to one of the three targets in the Utah case and established that the target was operating an illegal money transmitting business. In the second matter pending before me, defendant made several controlled buys of fraudulent documents. Both defendants in that case pleaded guilty. Finally, he pro-actively cooperated in an investigation of a Milwaukee area temporary agency allegedly involved in hiring illegal workers, although it did not result in any indictments.

Under the second factor, I also awarded a 2 level reduction based on the government's statement that defendant's information was at all times truthful and complete. The government indicated that agents found defendant a dependable and trustworthy informant.

Under the third factor, I awarded 2 levels because the nature of defendant's cooperation extended well beyond the provision of information and included pro-active cooperation, as discussed above.

Under the fourth factor, I awarded 1 level because the government indicated that defendant put himself and his family at risk. I did not award a full 2 level reduction because

3

there was no evidence of specific injury or threats.

Finally, I awarded 1 level under the fifth factor because defendant agreed to cooperate promptly on his arrest. Because there was no evidence that the timing was particularly significant in any specific investigation, I did not grant a greater reduction under this factor.

Therefore, the total reduction was 8 levels, making the revised range 12-18 months.

**B.      Section 3553(a)**

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

>   (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2)    the need for the sentence imposed–
>
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>   (3)    the kinds of sentences available;
>
>   (4)    the advisory guideline range;
>
>   (5)    any pertinent policy statements issued by the Sentencing Commission;
>
>   (6)    the need to avoid unwarranted sentence disparities; and
>
>   (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing set

4

forth in sub-section (a)(2).

### 1. Nature of Offense

Defendant assisted in operating an unlicensed money transmitting business, which sent about $1.8 million to Mexico. A portion of that money was the product of illegal activity, as defendant knew or suspected. As part of the scheme, he used a false social security number to open a bank account.

Although the scope of the business was fairly large, defendant did not profit all that much, he was for the most part simply trying to help Mexicans here get money back to their families, and the business was originally the idea of and was supervised by Jose Aguilera, who had another such business in Utah and owned a "Casa de Cambio" or house of exchange in Mexico. Aguilera took a larger cut of the profits.

### 2. Character of Defendant

Defendant was twenty-nine years old and had no prior record. He came to the United States with his parents as a child and initially did not acquire legal status. He graduated high school, took some college classes, and steadily worked, first for Bayview Industries from 1997 to 2002, then as a self-employed merchant (obtaining a tax identification number as part of the business) and part-time at a furniture company. He paid taxes and eventually obtained a work permit. Defendant was married, and his wife made positive statements about him, as did his parents, with whom he lived. All were present at sentencing. Defendant was involved in his church and had no substance abuse problems. Overall, his character was quite positive.

I also found that, unlike some who act for purely mercenary reasons, defendant's cooperation represented a genuine effort to help atone for his misdeeds. The government

5

characterized him as a model cooperator, who had agreed to continue to help even after his case was concluded.

### 3. Consideration of Guidelines and Imposition of Sentence

The guidelines recommended a term of 12-18 months after the departure, but I found that range greater than necessary to satisfy the purposes of sentencing. I saw no evidence that defendant would re-offend, and he posed no danger to the public given his lack of record and family ties. 18 U.S.C. § 3553(a)(2)(C). Nor, given the positives in his character, did I believe that imprisonment was necessary to deter defendant from re-offending. § 3553(a)(2)(B). The offense was serious based on its size, but defendant's role in it was mitigated given his inferior role to Aguilera and the fact that he profited fairly minimally. No bank or individual suffered losses based on his conduct, and there was no specific evidence that the offense assisted or promoted any illegal operation in the United States or Mexico, or that defendant had any motive to do so. Most of the money defendant sent to Mexico was the product of honest employment by Mexicans in the United States, who simply wanted to help their families back home. Therefore, I did not believe that imprisonment was necessary to provide just punishment given defendant's specific conduct. § 3553(a)(2)(A). Finally, defendant had no correctional treatment needs. § 3553(a)(2)(D).

Under all of the circumstances, and given the types of sentences available, § 3553(a)(3); see also 18 U.S.C. § 3561(a) (indicating that probation is available for class D felonies), I imposed a sentence of two years probation with a condition of six months home detention. This sentence provided a period of confinement sufficient to satisfy the needs for punishment and deterrence, while recognizing the positives discussed above and the fact that defendant posed no threat to society. This sentence was largely the product of substantial assistance,

6

and varied from the modified range by just 3 levels based on the particular facts of the case under § 3553(a), so it did not create unwarranted disparity. § 3553(a)(6).

### III. CONCLUSION

Therefore, I placed defendant on probation for a period of two years, with conditions including, <u>inter alia</u>, 180 days of home confinement and financial disclosure to the supervising probation officer. Other conditions appears in the judgment.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

7

Case 2:05-cr-00040-LA   Filed 05/30/07   Page 7 of 7   Document 36